UNITED STATES BANKRUPTCY COURT
IN THE EASTERN DISTRICT OF MICHIGAN

IN RE: Kenneth Carl Dargatz,

Debtor,

File No. 19-48347 mbm

Chapter 7

Hon. Marci B. McIvor

_____/

McNAUGHTON-McKAY ELECTRIC CO.,

Plaintiffs,

v

KENNETH CARL DARGATZ,

Defendant.

Adv. Proc. No.: 19-04267 mbm

## CONSENT JUDGMENT AND ORDER DETERMINING DEBT NON-DISCHARGEABLE

This matter having come before this Court pursuant to Plaintiff's Complaint to Determine Debt Non-Dischargeable, the Stipulation to Entry of Consent Judgment and Order Determining Debt Non-dischargeable, and the Court otherwise being fully advised in the premises, this Court makes the following findings and rulings:

1. Plaintiff, McNaughton-McKay Electric Co. (hereafter "McNaughton-McKay" and/or "Plaintiff"), shall have a final Judgment against the Defendant/Debtor, Kenneth Carl Dargatz ("Defendant") in the amount of Fifteen Thousand and 00/100 Dollars ($15,000.00) as to Plaintiff's claims set forth in its Complaint filed on or about June 24, 2019 ("Consent Judgment"). Interest shall accrue on the Consent Judgment balance at the rate of 5% per annum.

2. The Consent Judgment shall be non-dischargeable pursuant to the provisions of 11 USC §523(a)(4) of the United States Bankruptcy Code. The parties have entered into this

stipulated order for the purposes of resolving the issues between the parties and to avoid the need for additional litigation. Nothing in this stipulation and order shall be construed as an admission of liability by the Debtor/Defendant.

3. Except as provided below, enforcement or forced collection of the Consent Judgment may be made by any method allowed by Federal and/or state law to collect the Consent Judgment in either the U.S. Bankruptcy Court or the state court of any state of the United States.

4. Plaintiff will refrain from forced collection, and the Consent Judgment may be satisfied, long as Defendant pays Plaintiff Twelve Thousand and 00/100 Dollars ($12,000.00) ("Settlement Amount"), in strict compliance with the following payment terms and conditions ("Payment Terms"):

   a. Defendant must pay Plaintiff twelve (12) consecutive monthly payments of One Thousand and 00/100 Dollars ($1,000.00) commencing December 1, 2019, and continuing on the 1st of each month until the Settlement Amount is paid in full;

   b. All payments shall be payable to Plaintiff c/o Clark Hill PLC, and must be delivered to Plaintiff's attorney at 212 East Cesar E. Chavez Avenue, Lansing, Michigan 48906, on or before the date due.

5. As long as Defendant complies with the Payment Terms in accordance with paragraph 4:

   a. Plaintiff will refrain from forced collection of the Consent Judgment;

   b. No interest shall accrue on the Consent Judgment; and

   c. Defendant may make additional payments and/or prepay all or part of the Settlement Amount in advance of the due date without penalty.

6. As long as Defendant complies with the Payment Terms in accordance with paragraph 4, Defendant may satisfy the Consent Judgment with total payments of Ten Thousand and 00/100 Dollars ($10,000.00) if paid by April 15, 2020.

7. In the event that Defendant defaults in making a payment in accordance with paragraph 4, and fails to cure within twenty one (21) days of written notice of default sent by e-mail to Defendant's attorney at brookard@gudemanlaw.com:

   a. Interest shall accrue on the Consent Judgment at the rate of 5% per annum from the date of entry of the Consent Judgment.

   b. Plaintiff may immediately proceed with enforcement of the Consent Judgment by any method allowed by Federal and/or state law to collect the Consent Judgment.

8. The opportunity to cure within 21 days of written notice is limited to one default occurrence. In the event of subsequent defaults, Plaintiff may immediately proceed with enforcement of the Consent Judgment by any method allowed by Federal and/or state law to collect the Consent Judgment, without notice or opportunity to cure.

9. In consideration of the settlement, Defendant hereby waives his right to appeal after entry of the Consent Judgment.

10. This Consent Judgment and the settlement terms set forth herein, including but not limited to the Payment Terms of the Settlement Amount, shall be a final order determining the rights and obligations of the Parties, including the amount and non-dischargeable nature of the debt. This Consent Judgment shall survive confirmation, conversion, dismissal and/or discharge in Debtors' bankruptcy. The Parties are barred by the doctrines of res judicata and collateral estoppel from re-litigating their respective rights and obligations, including

the amount and non-dischargeable nature of the debt, in any court or future bankruptcy proceeding.

**IT IS SO ORDERED.**

**Signed on November 21, 2019**



/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge